IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ALGERNON CALDWELL, JR.,

      Plaintiff,

  v.

LT. BRIAN HAYES and
DEPUTY WOCK,

      Defendants.

ORDER

Case No.  18-cv-1074-wmc

---

*Pro se* plaintiff Algernon Caldwell, Jr., is proceeding in this lawsuit under 42 U.S.C. § 1983, on constitutional claims against current or former Dane County Jail employees Lt. Brian Hayes and Deputy Wock, related to his conditions of confinement between October and December of 2019.  Plaintiff has filed four motions, seeking to compel discovery responses (dkt. #57), extension of the August 26, 2022, dispositive motion deadline (dkt. #59), to amend his complaint (dkt. #60), and for assistance in recruiting counsel (dkt. #63).  For the reasons that follow, although the court is denying plaintiff's motions to compel and for assistance in recruiting counsel, the court will grant plaintiff's motion to extend the dispositive motion deadline and his motion to amend.

OPINION

I.    **Motion to Compel (dkt. #57) and Motion to Extend Summary Judgment Deadline (dkt. #59)**

Caldwell asks that the court order defendants to respond to his "Tailored request for production of documents and interrogatories," which he sent defense counsel on February 7, 2022, and had not received a response as of May 24, 2022.  In opposition,

defendants represent that they requested and received a four-week extension from plaintiff to gather responsive documents, ultimately sending plaintiff their response on April 13, 2022. Defense counsel further represents that the responsive documents were produced on a flash drive, and their understanding is that plaintiff did not view the documents on the flash drive until over a month later, and further that plaintiff wrote on May 30, 2022, that he received the discovery responses and reviewed them. (*See* Schmid Aff. Ex. 10 (dkt. #70-10).) Therefore, defendants' position is that the court should deny the motion to compel as moot and further deny Caldwell's motion to extend the summary judgment deadline because *Caldwell* was responsible for delaying his review of the flash drive documents.

In reply, Caldwell does not dispute that defendants have now responded to his request for production, but he now challenges defendants' responses to his requests regarding: (1) a tablet system jail officers used to place work orders starting September 1, 2019; (2) inspection documents; and (3) grievances filed against defendants. Yet Caldwell did not raise these issues in his original motion, nor has he shown that he has attempted to work out his concerns about defendants' responses directly with defense counsel. Therefore, the court is denying Caldwell's motion to compel as moot. If Caldwell has lingering concerns about defendants' objections to his requests, he must raise them first directly with defense counsel. If after taking that step Caldwell still believes that he is entitled to additional information or documents from defense counsel, he may renew his motion to compel, provided that he attaches to any renewed motion the evidence of his efforts to resolve the disputes informally.

Finally, Caldwell disagrees about when he was able to review the documents. Caldwell maintains that he did not know that the flash drive had been sent to his institution until June 13, 2022, when he finally was able to review the documents.

Although the court agrees the motion to compel is moot, the court will grant Caldwell's request for an extension of the dispositive motion deadline, but not by the full 90 days Caldwell requests since it appears that Caldwell at least had knowledge of the flash drive by May 30.   A 30-day extension is appropriate for three reasons:   defendants acknowledge a one-month delay in turning over the responsive documents; defense counsel's use of the flash drive created an additional delay because Caldwell needs access to the law library for document review, which is limited; and the court is granting Caldwell's motion to amend for the reasons the court turns to now.

## II.    Motion to Amend (dkt. #60)

Generally speaking, this court will freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).   "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).   Defendants oppose Caldwell's motion to amend on the grounds of undue delay and prejudice, pointing to Caldwell's delay and the resources the current defendants already devoted to defending this case.   For his part, however, Caldwell explains that after his June 13, 2022, review of defendants' document production, he learned the identities of additional Dane County Jail officials responsible for subjecting him to inhumane conditions of confinement, and that defendant

3

Hayes was not involved.  This does not suggest intentional delay;  nor does the record of the discovery communications between the parties.  Moreover, allowing Caldwell to amend now is an efficient use of the parties' time to ensure that the proper parties are part of this lawsuit now.  Although the court might fault plaintiff for failing to apprise the court of his intent to seek amendment earlier in this lawsuit, nothing in the procedural posture of this case suggests bad faith or dilatory tactics by Caldwell.  Therefore, the court will grant Caldwell's motion to amend and will screen his proposed amended complaint as required by 28 U.S.C. §§ 1915(e)(2), 1915A.

Caldwell is proceeding in this lawsuit against Dane County Jail Deputies Brian Hayes and Wock, based on his allegations that in September of 2019, he went for three days without running water in his unit, and also had to live with a clogged toilet and the smell of feces and urine for seven days.  Caldwell seeks to amend his complaint to add the following Dane County Jail officials that were working at the jail in September of 2019, when his claims arose:  Deputies Ninnimen, Floyd, Lucas and Johnathon Matz.  Caldwell also asks to dismiss defendant Hayes.

As to the new defendants Caldwell alleges that on September 4, 2019, Caldwell told defendant Floyd that he did not have any water, but Floyd did not take any corrective action.[1]  Caldwell told defendants Lucas and Ninnimen the same thing on September 6, but neither provided plaintiff water.  Caldwell spoke with Ninnimen again about the lack of running water the next day, but Ninnimen did not provide him water.  Caldwell filed a grievance about the lack of running water that same day, and defendant Matz failed to

---

[1]  Courts must read allegations in *pro se* complaints generously.  *Haines v. Kerner,* 404 U.S. 519, 521 (1972).  The court assumes the facts above based on the allegations made in the amended complaint when viewed in a light most favorable to plaintiff.

respond or take any steps to provide him water.  Instead, Matz simply responded that the water issue was due to the age of the building.  Finally, Caldwell alleges that defendants Floyd, Lucas and Ninnimen were also aware about the clogged toilet in his unit but failed to place a work order to fix it.

Although lacking in detail, plaintiff's allegations support a Fourteenth Amendment conditions of confinement claim against the proposed defendants.  As the court previously acknowledged, in *Hardeman v. Curren*, 933 F.3d 816 (7th Cir. 2019), the Seventh Circuit concluded that a putative class of pretrial detainees who were subjected to a three-day water shut-down and "became ill," while "feces built up and festered in the jails' toilets," was enough to state a claim under the Fourteenth Amendment.  933 F.3d at 819. Caldwell's allegations that these new defendants were aware that his unit both lacked running water and had a clogged toilets and failed to provide him access to running water or otherwise address those conditions support a Fourteenth Amendment claim.

The parties already have been engaging in discovery related to these events, so the court expects a 30-day extension of the dispositive motion deadline will be sufficient to account for the new defendants.  However, should defendants need additional time to complete discovery necessary to prepare dispositive motions, the court will adjust the trial schedule as appropriate.

### III.   Motion for Assistance in Recruiting Counsel (dkt. #63)

Finally, Caldwell's motion for assistance in recruiting counsel will be denied without prejudice.  Unfortunately, civil litigants have no constitutional or statutory right to the appointment of counsel.  *Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866-67 (7th

Cir. 2013); *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). However, the court may exercise discretion in deciding to help recruit counsel to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*.").

Before deciding whether to recruit counsel, this court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Caldwell represents that he has reached out to three different attorneys who have each declined to represent him, so he has satisfied this initial requirement.

Still, the court is not persuaded that Caldwell needs the assistance of an attorney to litigate this stage of this lawsuits. *See Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (*en banc*) (explaining that the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself"). To the contrary, Caldwell's recent filings demonstrate his familiarity with the relevant facts and legal standards, his effective communication with defense counsel and the court, and ability to engage in discovery. Although the court sympathizes with Caldwell's limited access to legal resources due to his confinement, that limitation is common among prisoners and does not warrant recruitment of counsel here. Therefore, the court is denying Caldwell's motion for assistance in recruiting counsel, but the denial will be without prejudice to renew his motion at a later time in this lawsuit. Caldwell is advised, however, that because *pro bono* attorneys are a scarce resource, the court rarely

recruits counsel for prisoners in his position prior to trial, and even then, only after the prisoner details specific tasks he is unable to complete without an attorney.

ORDER

IT IS ORDERED that:

1. Plaintiff Algernon Caldwell's motion to compel (dkt. #57) is DENIED as moot.

2. Plaintiff's motion for extension of time (dkt. #59) is GRANTED, and the dispositive motion deadline is extended to September 26, 2022.

3. Plaintiff's motion to amend (dkt. #60) is GRANTED.

4. In addition to the claims upon which he already is proceeding, plaintiff is GRANTED leave to proceed on Fourteenth Amendment conditions of confinement claims against defendants Deputies Ninnimen, Floyd, Lucas and Johnathan, as provided above.

5. Defendant Brian Hayes is DISMISSED from this lawsuit.

6. The clerk's office will prepare summons and the U.S. Marshal Service shall affect service upon defendants Ninnimen, Floyd, Lucas and Johnathan.

Entered this 13th day of July, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge